# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND G. CHAPMAN, and on behalf of, and as next friend of his minor child, KOBI KYLER CHAPMAN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 08-CV-0497-CVE-PJC |
| MARK BARCUS, JODI JOHNSON BAKER, KEVIN GASSAWAY, and ROSEMARIE L. DAMILAO, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are the motions to dismiss filed by defendants Mark Barcus (Dkt. # 5), Kevin Gassaway[1] and Jodi Johnson Baker (Dkt. # 18) and Rosemarie Damilao (Dkt. # 14).

---

[1] Defendant Gassaway previously filed a Motion for a Finding of Insufficiency of Service of Process and Alternative Motion for Extension of Time in Which to File a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Dkt. # 6). Because Gassaway has filed a motion to dismiss (Dkt. # 18), his alternative motion for an extension of time is moot. Further, for the reasons discussed herein, plaintiff's case is dismissed; Gassaway's motion for a finding of insufficiency of service of process is also moot.

Plaintiff Raymond G. Chapman, appearing pro se,[2] brings this suit for alleged violations of civil rights on his own behalf and on behalf of his minor child.[3]

**I.**

Plaintiff's 43-page complaint contains few, if any, factual allegations in support of plaintiff's claims against defendants. It is nonetheless evident that the parties were involved in various capacities in a state court paternity and custody suit between plaintiff and defendant Rosalie Damilao. Because the Court is obligated to construe a pro se pleading broadly, the following factual allegations are derived from the plaintiff's complaint and presumed to be true for the purposes of a motion to dismiss.[4] Where the complaint is unclear or missing facts needed to provide background or context, those facts are derived from the defendants' filings.

---

[2] Plaintiff objects to being characterized as a "pro se" plaintiff, and states that he comes "under the spirit of the law and [is] not held to strict construction of the law." Dkt. # 22. However, as plaintiff is not a licensed attorney and is not represented by counsel, the Court finds that he is a pro se plaintiff. Accordingly, plaintiff's pleadings are to be construed liberally by the courts. Hall v. Bellmon, 935 F.2d 1109-10 (10th Cir. 1991) (pro se pleadings are to be liberally construed by the courts). The Court notes that "pro se" is not a derogatory term and refers only to the fact that plaintiff is a non-lawyer.

[3] Federal Rule of Civil Procedure 17(c) allows a representative to sue on behalf of a minor child. However, a parent may not sue on the minor child's behalf unless the parent is represented by an attorney. Mann v. Boatright, 477 F.3d 1140, 1150 (10th Cir. 2007); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). See also 28 U.S.C. § 1654. Chapman does not have custody of his child and is not his guardian. In fact, this case arises in part from a state court decision denying Chapman custody of his son. Nonetheless, even if Chapman did have custody, he is not permitted to bring suit on behalf of another because Chapman is not an attorney. Accordingly, claims purportedly asserted on behalf of Kobi Kyler Chapman are hereby dismissed.

[4] The Court is under no obligation to presume that plaintiff's legal conclusions are true. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

Plaintiff and defendant Rosemarie Damilao are the parents of a son, Kobi Kyler Chapman. Dkt. # 1, at 9. Plaintiff alleges that on or about October 5, 2004, Damilao "refused Chapman any physical contact with his son." Id. At some time either before or after that date, either Chapman or Damilao initiated proceedings in the Oklahoma state court system to determine paternity and/or custody of their son. Id. Plaintiff filed an "Emergency Application for a Writ of Habeas Corpus," which was denied by defendant Mark Barcus, the judge presiding over the case. Id. Defendant Jodi Johnson Baker, an attorney, represented Damilao in the custody proceedings. Dkt. # 19, at 1-2. Baker apparently served a "non-party" with a subpoena for production of records. Dkt. # 1, at 9. Plaintiff objected to Baker's subpoena and filed a motion to quash, which was denied on November 9, 2005. Id. Plaintiff alleges that Baker repeatedly raised "issues completely irrelevant to the proceedings," but was permitted to do so by Judge Barcus. Id. at 17. Plaintiff further alleges that defendant Kevin Gassaway, also an attorney representing Damilao, "continues to commit blatant perjury in court in direct conspiracy with both Defendants Damilao and Barcus." Id.

According to plaintiff, Judge Barcus did not permit plaintiff's arguments to be heard and failed to "read, comprehend, and assimilate the factual issues raised in Chapman's pleadings." Id. at 23. It appears that plaintiff either called "expert witnesses" to testify or attempted to do so and was denied by Judge Barcus. Id. at 25. In either case, plaintiff alleges that this expert testimony was not given proper consideration in Judge Barcus' custody decision. Id. at 25-26. At the conclusion of the proceedings, Judge Barcus awarded temporary custody to Damilao. Id. at 11.

Construing plaintiff's complaint liberally, plaintiff claims that all defendants were involved in a conspiracy to influence the outcome of the custody case, thus violating plaintiff's civil and

3

constitutional rights.[5] According to plaintiff, all defendants were "co-conspirators," and collectively responsible for the denial of his parental rights, as well as violations of his civil and constitutional rights. Id. at 15.

**II.**

In considering a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The claim must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291

---

[5]   In plaintiff's responses to the defendants' motions to dismiss, he claims that defendants Baker and Damilao conspired to use his debit card to make unauthorized purchases, and defendants Gassaway and Barcus knew of these purchases and either covered them up or failed to report them. Dkt. ## 10, 12, 20, 22. To the extent that plaintiff is relying on Oklahoma criminal law to state a claim, criminal statutes do not create a private right of action. See OKLA. STAT. tit. 21, § 1550.22. Similarly, plaintiff appears to cite federal criminal statutes (i.e., 18 U.S.C. §§ 241 and 242) to state a civil claim against defendants; these statutes do not create a private right of action either. See Norman v. Campbell, 87 Fed. Appx. 582, 584-85 (7th Cir. 2003); Anderson v. Wiggins, 460 F. Supp. 2d 1, 8 (D.D.C 2006).

4

F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

Finally, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

In addition, the Federal Rules of Civil Procedure require a complaint to contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed. R. Civ. P. 8(a). A complaint must "give opposing parties fair notice of the basis

of the claim against them so that they may respond to the complaint, and . . . apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989) (citation omitted).

### III.

In his rambling, often incoherent complaint, plaintiff alleges violations of numerous federal statutes, constitutional provisions, and Oklahoma statutes, including 18 U.S.C. §§ 241 and 242, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b and 2000b-2, and the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the United States Constitution. Plaintiff's state law claims include negligence, fraud, defamation, and violations of the Oklahoma Rules of Professional Conduct.[6] Each defendant's arguments for dismissal will be addressed in turn.

**A.     Judge Barcus**

Judge Barcus moves to dismiss on the following grounds: Rule 12(b)(1);12(b)(4) and (5),[7] and 12(b)(6). Judge Barcus also argues that the claims against him should be dismissed on the grounds of absolute judicial immunity; sovereign immunity; and qualified immunity; these arguments will be addressed first.

---

[6]   All parties are citizens of Oklahoma (Dkt. # 1, ¶¶ 1-7), and the only possible basis for subject matter jurisdiction is federal question. Supplemental jurisdiction over plaintiff's state law claims is discussed below. See infra Part III B 3.

[7]   With respect to Judge Barcus' arguments pertaining to process and service of process, because the claims against Judge Barcus are dismissed on other grounds, his motion to dismiss pursuant to Rules 12(b)(4) and 12(b)(5) is moot.

### 1. Absolute Judicial Immunity

Generally, certain public officials are entitled to absolute immunity from civil lawsuits. "Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991)). To the extent that plaintiff alleges that Judge Barcus engaged in unlawful conduct while presiding over plaintiff's state court case, Judge Barcus "[was] performing judicial acts and [was] therefore clothed with absolute judicial immunity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994). Allegations of bad faith or malice do not defeat a judge's immunity. See Guttman, 446 F.3d at 1033-34 ("Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity."); see also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ."). Judicial immunity may be overcome only if plaintiff can demonstrate that (1) the judge's actions were not taken in his capacity as a judge or (2) the actions were taken in the complete absence of jurisdiction. Mireles, 502 U.S. at 11-12.

Plaintiff sues Judge Barcus in his official and individual capacities. Judge Barcus argues that the claims against him in his individual capacity must be dismissed because he is entitled to judicial immunity. While the factual allegations are unclear, plaintiff seems to allege that Judge Barcus engaged in a conspiracy with the other defendants to deprive plaintiff of his civil and constitutional rights. In essence, plaintiff is alleging that decisions made by Judge Barcus in the course of the state court proceedings provide the factual basis for this conspiracy claim. Plaintiff alleges no facts indicating that Judge Barcus' actions occurred anywhere other than in the performance of his

7

judicial functions.[8] Under the doctrine of absolute judicial immunity, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles, 502 U.S. at 11. Accordingly, because plaintiff has not alleged that Judge Barcus acted outside his judicial capacity or took action in the "complete absence of all jurisdiction," see id. at 12, plaintiff cannot overcome judicial immunity. All claims against Judge Barcus in his individual capacity are properly dismissed.

### 2. Sovereign Immunity

Judge Barcus also argues that he is entitled to sovereign immunity for claims against him in his official capacity. Pursuant to the Eleventh Amendment, states and state officials are immune from suit in federal court. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Although Congress may enact laws that abrogate state sovereign immunity, the Supreme Court has specifically held that § 1983 does not. Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006). To state a claim under § 1983, plaintiff must show that a "person" acted to deprive him of his constitutional rights. See 42 U.S.C. § 1983. However, "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995). Thus, a suit against a state official is not a suit against the individual, but rather against the state. Id. at 71. Accordingly, Judge Barcus, in his official capacity, is entitled to sovereign immunity.

---

[8] In his response brief, plaintiff alleges that Judge Barcus, before he became a judge, told plaintiff that he does not like to award custody to fathers and he believes that men should have to support their wives after a divorce. Dkt. # 12, at 5. Even assuming, as the Court is required to, that this interaction occurred, it is nonetheless an insufficient factual allegation to overcome absolute judicial immunity for acts by Judge Barcus in his judicial capacity.

8

### 3.     **Qualified Immunity**

In the alternative, Judge Barcus argues that he is entitled to qualified immunity. Qualified immunity is given to a public official in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Gross v. Pirtle, 245 F.3d 1151, 1155-56 (10th Cir. 2001). Because qualified immunity provides officials with "immunity from suit rather than a mere defense to liability," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), the "courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation." Gross, 245 F.3d at 1155 (citations omitted).

Courts employ a two-pronged analysis to determine whether a defendant is entitled to qualified immunity. First, a court must address whether the alleged facts demonstrate the defendant's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the court must then decide whether the right was "clearly established." Id. If the court concludes no constitutional right has been violated, no further inquiry is necessary and the defendant is entitled to qualified immunity. Id.

Judge Barcus argues that plaintiff has failed to allege facts sufficient to show that Judge Barcus violated plaintiff's constitutional rights. Plaintiff makes no factual allegations in his complaint which, if proven, would show that his constitutional rights were violated. Because plaintiff cannot establish the violation of a constitutional right, it is not necessary to address whether the right allegedly violated was "clearly established." Accordingly, Judge Barcus is entitled to qualified immunity.

In sum, because Judge Barcus is entitled to absolute judicial immunity, sovereign immunity, and qualified immunity, it is unnecessary to reach his arguments for dismissal pursuant to Rules 12(b)(1);12(b)(4) and (5). All claims against Judge Barcus are dismissed.

**B.     Gassaway, Baker, and Damilao**

Defendants Gassaway, Baker, and Damilao move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6).[9] Gassaway and Baker argue that, as private actors, they cannot liable under 42 U.S.C. §

---

[9] After Gassaway and Baker's motion to dismiss (Dkt. # 18) was filed, plaintiff filed a response brief (Dkt. # 22) to which defendants filed a reply (Dkt. # 23). The Court is also in receipt of plaintiff's sur-reply (Dkt. # 24). Pursuant to Local Rule, supplemental briefs are "not encouraged and may be filed only upon motion and leave of Court." N.D. LCvR 7.2(h). Although plaintiff, as a pro se litigant, is not held to the same standard as a party represented by counsel, the sur-reply raises arguments that are unrelated to the issues contained in defendants' motion to dismiss and reply brief. Accordingly, plaintiff's sur-reply (Dkt. # 24) will not be considered and is stricken.

1983.[10]  With respect to the myriad of plaintiff's other claims, Gassaway, Baker, and Damilao move to dismiss for failure to state a claim upon which relief may be granted.[11]

### 1.     Plaintiff's § 1983 Claims

Section 1983 provides a cause of action against state officials for a violation of a plaintiff's constitutional rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007).  To state a claim, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007).  "The core inquiry under any § 1983 action . . . is whether the plaintiff has

---

[10]     Damilao does not make any specific argument on the basis of § 1983, but generally moves to dismiss on the ground that plaintiff has not asserted any claims against her upon which relief may be granted.

[11]     All defendants raise the domestic relations exception and the Younger abstention doctrine to argue that the Court lacks subject matter jurisdiction and, accordingly, plaintiff's claims should be dismissed.  The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees," Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004), and applies where the federal court is required to decide issues regularly decided in state courts (i.e., divorce, alimony, custody, etc.).  Vaughan v. Smithson, 883 F.2d 63, 65 (10th Cir. 1989).  Pursuant to this exception, the district court may also decline to exercise jurisdiction over cases which merely involve "elements of the domestic relationship."  Elk Grove, 542 U.S. at 13.  Under the Younger abstention doctrine, federal courts should abstain from granting relief where there is a pending state civil proceeding that implicates important state interests.  See generally Younger v. Harris, 401 U.S. 37 (1971).  "For Younger abstention to be appropriate, three elements must be present: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims."  Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211, 1215 (10th Cir. 2003).  However, as to Judge Barcus, it is unnecessary to reach these issues because he is entitled to absolute judicial immunity, sovereign immunity, and qualified immunity; as to all other defendants, their motions to dismiss are granted on other grounds, so it is likewise unnecessary to reach these issues.

alleged an actionable constitutional violation." Id. In addition, the defendant must have been a state actor acting under the color of state law when the alleged constitutional violation occurred. See Anderson, 499 F.3d at 1232-33 (citations omitted). A party may be a state actor if he is a state official, acted together with or "obtained significant aid from state officials, or his conduct is otherwise chargeable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982). "[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983) (citing Polk County v. Dodson, 454 U.S. 312, 318 (1981)). Moreover, the issuance of a subpoena in a state court proceeding does not convert a private attorney into a state actor. Id. (citing Lugar, 457 U.S. at 939).

Here, it is clear that plaintiff is attempting to state a claim under § 1983. In support of that claim, plaintiff alleges that Gassaway and Baker acted under "color of state law" because they are both attorneys licensed to practice in the state of Oklahoma. However, admission to the Oklahoma Bar, without more, is insufficient to make an attorney a state actor for the purposes of § 1983. Plaintiff also argues that Baker's act of filing a subpoena in the state court case indicates that she is a state actor. However, plaintiff's assertion is not supported by law. See Barnard, 720 F.2d at 1189. With respect to Damilao, plaintiff makes no specific assertions that Damilao acted under "color of law," although he alleges that she was part of the conspiracy to violate his civil rights under § 1983. It is clear, however, that Damilao is a private actor and cannot be held liable under § 1983. Further, plaintiff makes no factual allegations indicating that Damilao acted as an agent of the state or somehow worked in an official capacity; she was merely the opposing party in a court

proceeding. Accordingly, plaintiff cannot state a claim for violation of § 1983 against Gassaway, Baker, or Damilao.

**2.     Other Federal Claims**

In addition to § 1983, plaintiff cites numerous federal statutes and constitutional provisions in his attempt to state a claim against defendants. None of these claims, however, are supported by any coherent factual allegations. For example, plaintiff alleges that defendants violated his rights under 42 U.S.C. § 1981, which provides a cause of action for racial discrimination. However, nowhere in the complaint does plaintiff allege any facts that could reasonably provide a sufficient factual basis for a racial discrimination claim. See CBOCS West, Inc. v. Humphries, 128 S. Ct. 1951, 1953 (2008); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993). Similarly, plaintiff appears to claim that defendants engaged in a conspiracy to violate his civil rights pursuant to 42 U.S.C. §§ 1985 and 1986. However, to state a claim under § 1985, the conspiracy must involve a "discriminatory animus based on race or some other invidious classification." See United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 829, 834-35 (1983). The mere assertion of a discriminatory motivation, however, is not sufficient to state a conspiracy claim. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996). Here, plaintiff seems to allege that the actions taken against him were motivated by an anti-father and anti-pro se plaintiff bias. However, neither fathers nor pro se litigants constitute a protected class.  See Posr v. Court Officer Shield No. 207, 180 F.3d 409, 419 (2d Cir. 1999) (finding no existing authority to support plaintiff's contention that pro se litigants are a protected class); Eitel v. Holland, 787 F.2d 995, 1000 (5th Cir. 1986) (holding that "pro se plaintiffs do not constitute a class for whose members § 1985(3) provides a remedy"); Nielson v. Legacy Health Sys.,

13

230 F. Supp. 2d 1206, 1211 (D. Or. 2001) (divorced fathers seeking custody of their children are not a protected class under § 1985); Humphrey v. Court of Common Pleas, 640 F. Supp. 1239, 1243 (M.D. Pa. 1986) (fathers seeking custody of their children not a protected class). Nonetheless, even if plaintiff were a member of some protected class, his claim under § 1985 would still fail because he offers no facts to indicate that the conspiracy had a discriminatory purpose. Further, plaintiff's claim under § 1986 must also fail because there can be no claim for failure to prevent a conspiracy if there is no valid claim under § 1985.

Plaintiff also cites to §§ 1988,[12] 2000b and 2000b-2.[13] It is not entirely evident why plaintiff cited to these statutes, but it is quite clear that none can form the basis for a claim against defendants. None of these statutes independently provides a cause of action to an individual who has suffered discrimination. As such, plaintiff's claims under these statutes are wholly without merit.

Finally, plaintiff alleges violation of seven constitutional amendments. For example, he alleges that defendants violated his rights to (1) free speech under the First Amendment, (2) freedom from unreasonable seizure under the Fourth Amendment, and (3) equal protection under the Fifth and Fourteenth Amendments.[14] However, plaintiff again fails to provide any specific factual

---

[12]   42 U.S.C. § 1988 allows statutory and common law to be applied in proceedings for the vindication of civil rights and allows the award of attorney's fees and expert fees.

[13]   42 U.S.C. § 2000b provides the Attorney General with the right to bring a civil action on behalf of an individual to enforce the civil rights laws and § 2000b-2 provides that nothing in the sub-chapter should be construed to prevent an individual from suing for discrimination occurring in a facility covered by the sub-chapter.

[14]   Plaintiff also argues that defendants violated his rights under the Nineteenth Amendment. However, because the Nineteenth Amendment guarantees a woman's right to vote, plaintiff's claim under that amendment is nonsensical. See U.S. CONST. amend. XIX.

14

allegations "sufficient to state a claim for relief that is plausible on its face." See Twombly, 127 S. Ct. at 1974.

Although plaintiff is proceeding pro se and the Court must construe his pleadings liberally, this does not relieve plaintiff of his burden to adequately plead a claim for relief against defendants. The Court has reviewed the remainder of the complaint and finds that plaintiff has failed to state any claim against defendants. The remainder of plaintiff's federal claims are dismissed in their entirety.

### 3. Plaintiff's State Law Claims

Plaintiff also makes various state law claims, such as fraud, negligence, defamation, intentional infliction of emotional distress, and violation of the Oklahoma Rules of Professional Conduct. However, because plaintiff has failed to state a claim with respect to any of his federal claims against Gassaway, Baker, and Damilao, there is no longer a federal question upon which to base original jurisdiction. Moreover, the Court lacks diversity jurisdiction because all parties are citizens of Oklahoma. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." The Court's decision to exercise supplemental jurisdiction is discretionary, but it should consider "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)). In this case, none of these factors favors the exercise of supplemental jurisdiction, and the Court declines to exercise supplemental jurisdiction over the state law claims against Gassaway, Baker, and Damilao.

## IV.

Finally, Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). However, leave need not be granted where amendment would be futile. See Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999); Mountain View Pharmacy v. Abbott Lab, 630 F.2d 1383, 1389 (10th Cir. 1980) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted."). Here, plaintiff cannot make any factual allegations which would allow him to state a claim upon which relief may be granted; any possible amendment to the complaint would be futile. Accordingly, the Court finds that plaintiff shall not be granted leave to amend the complaint if he so moves.

**IT IS THEREFORE ORDERED** that the motions to dismiss filed by defendants Mark Barcus (Dkt. # 5), Kevin Gassaway and Jodi Johnson Baker (Dkt. # 18) and Rosemarie Damilao ((Dkt. # 14) are **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant Gassaway's Motion for a Finding of Insufficiency of Service of Process and Alternative Motion for Extension of Time in Which to File a Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted (Dkt. # 6) is **moot**.

**IT IS FURTHER ORDERED** that plaintiff's sur-reply brief (Dkt. # 24) is **stricken**.

**DATED** this 7th day of January, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT