**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAYMOND G. CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-CV-497-CVE-PJC** |
| | ) | |
| **MARK BARCUS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on Defendants, Jodi Johnson Baker and Kevin Gassaway's Combined Motion for an Award of Attorney Fees [Dkt. No. 27] and Defendant Rosemarie Damilao's Motion for Attorney Fees [Dkt. No. 30]. The matters were referred to the undersigned U.S. Magistrate Judge for determination. [Dkt. Nos. 29 & 31].

On March 24, 2009, the Court held a hearing on the fee applications. The hearing was scheduled specifically to give Plaintiff Raymond G. Chapman ("Chapman") an opportunity to explain his basis for the lawsuit and his factual basis for the various allegations in the Complaint; however, Chapman failed to appear.

*Background*

Plaintiff filed this Complaint against Tulsa County Judge Mark Barcus ("Barcus"), attorneys Jodi Johnson Baker ("Baker") and Kevin Gassaway ("Gassaway") and Rosemarie Damilao ("Damilao"), the mother of Plaintiff's son. The lawsuit apparently arises from disputed state court paternity and custody proceedings. Baker and

Gassaway apparently represented Damilao in at least some portion of the state proceedings before Judge Barcus.

Plaintiff alleges that the defendants were engaged in a conspiracy to improperly influence the outcome of the custody case, thereby violating his civil and constitutional rights. Plaintiff's lengthy Complaint alleged violations of various federal statutes, constitutional provisions and Oklahoma statutes including 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b and 2000b-2, and the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the U.S. Constitution.

The Complaint was filed on August 29, 2008 [Dkt. No. 1]; the Court granted Defendants' Motions to Dismiss four months later. [Dkt. No. 25].

### *Legal Standard*

The general rule in the United States is that the prevailing litigant is not entitled to collect attorney fees from the losing party. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975). Notwithstanding this "American Rule," Congress has adopted "specific and explicit provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." *Id.* at 260. Much attorney fee litigation has been spawned by the fee-shifting provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5k, and the statute at issue here, the Civil Rights Attorney's Fees Award Act of 1976 ("the Act"), 42 U.S.C. § 1988. The Act provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983… the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs….

42 U.S.C. §1988(b).

In civil rights cases prevailing plaintiffs are awarded attorney fees except in unusual circumstances. *Newman v. Piggie Park Enterprises*, *Inc.*, 390 U.S. 400, 402 (1968) (per curiam) (Prevailing civil rights plaintiffs are entitled to an award of attorney fees "unless special circumstances would render such an award unjust."). Thus, were Chapman the prevailing party in this case under one of his civil rights claims, there is no doubt that he would be entitled to an award of attorney fees. However, the language of § 1988 is not limited to plaintiffs. The statute permits an award of attorney fees to the "prevailing party," and here Defendants contend that they should be awarded fees as prevailing party. Courts have held that under limited circumstances a prevailing *defendant* in certain civil rights cases may also claim entitlement to an award of attorney fees.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), a case brought under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), the Supreme Court assessed what standard should inform a court's decision to award attorney fees to a successful *defendant*. The Court held that an award of fees to a prevailing Title VII defendant is appropriate where the underlying action is found to be "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.* at 422; *see also E.E.O.C. v. Fruehauf Corp.*, 609 F.2d 434, 436 (10th Cir. 1979), *cert. denied*, 446 U.S. 965 (1980) (recognizing *Christiansburg* standard, while nevertheless vacating fee award to prevailing defendant). The *Christiansburg* standard has since been applied to claims under §1983. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("Although arguably a different standard [than *Christiansburg*] might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less

stringent standard."); *Prochaska v. Marcoux*, 632 F.2d 848, 854 (10th Cir. 1980), *cert. denied*, 451 U.S. 984 (1981) (applying the *Christiansburg* standard – "clearly 'frivolous, unreasonable or groundless'" – to an action under §1983); *Shaw v. Neece*, 727 F.2d 947, 949-50 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984) (upholding an award of attorney fees based on the Court's finding that the underlying action was "an unreasonable, frivolous action brought under section 1983").  Thus, the applicable standard for determining Defendants' entitlement to an award of attorney fees is the *Christiansburg* test.

Unlike a prevailing civil rights plaintiff, however, a prevailing defendant has a more difficult task in securing an attorney fee award.  *Christiansburg*, 434 U.S. at 418 (noting "strong equitable considerations" favoring fee award to a prevailing plaintiff are "wholly absent" in the case of a prevailing defendant in Title VII case); *Cobb v. Saturn Land Co.*, 966 F.2d 1334, 1338 (10th Cir. 1992) ("Prevailing [§1983] defendants are not entitled to fees on the same basis as prevailing plaintiffs.") ; *Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005) (Prevailing defendants seeking fees under § 1988 "have a much harder row to hoe then do prevailing plaintiffs.")

"[A] prevailing defendant in a civil rights action may recover attorney fees only if the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir.2000).  "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Id.*; *Daviscourt v. Columbia State Bank*, 2008 WL 2357684, 1 (D.Colo.)   A court must resist the temptation to engage in *post hoc*

analysis, finding that "because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. As the Supreme Court noted:

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and could undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.

*Id.* at 422.

Cases involving a *pro se* plaintiff may require special caution and such awards are rare. *Olsen v. Aebersold*, 149 Fed.Appx. 750, 2005 WL 2093012 (10th Cir.) (noting that it is "rare for attorney fees to be assessed against a pro se plaintiff in a § 1983 action").[1]

### Procedural History of Defendants' Motions to Dismiss

Chapman brought this action on behalf of himself and his minor son ("Kobi"). However, since Chapman is not an attorney, he cannot bring an action on another's behalf. *Mann v. Boatright*, 477 F.3d 1140, 1150 (10th Cir. 2007); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Accordingly, on Jan. 7, 2009, the Court dismissed all claims asserted by Chapman on behalf of Kobi. *Opinion and Order*, Dkt. No. 25, at p. 2, fn. 3.

All of the named Defendants moved to dismiss Plaintiff's claims. [Dkt. No. 5 (Barcus), Dkt. No. 14 (Damilao), Dkt. No. 18 (Baker and Gassaway)]. The Court granted these motions as well. [Dkt. No. 25]. Thereafter, the Defendants moved for an award of attorney fees as prevailing Defendants. Baker and Gassaway seek $2,549.75. Defendant Damilao requests $770.00.

---

[1]     In *Olsen* the Court upheld an award of fees where facts indicated that the pro se plaintiff was well aware of the defect in his lawsuit but proceeded anyway. *Olsen*, 149 Fed.Appx. at 753.

### *Discussion*

A major flaw in the Complaint was the lack of any factual support for the allegations contained therein.  Indeed, without some factual context the Complaint it is difficult to comprehend Plaintiff's assertions.  In its *Opinion and Order* the Court made these observations about the Complaint:

- The Complaint "contains few, if any, factual allegations in support of plaintiff's claims against defendants."  [Dkt. No. 25, at 2].

- In his "rambling, often incoherent complaint" plaintiff alleges numerous violations of federal statutes, constitutional provisions and Oklahoma statutes.  [*Id.* at 6].

- Plaintiff "alleges no facts" indicating that Judge Barcus acted other than in his capacity as a judge.  [*Id.* at 7-8].

- Plaintiff makes no factual allegations in his complaint which, if proven, would show that his constitutional rights were violated.  [*Id.* at 9].

- "Plaintiff makes no specific assertions that Damilao acted under 'color of law'" and "makes no factual allegations indicating that Damilao acted as an agent of the state or somehow worked in an official capacity." [*Id.* at 12].

- None of Plaintiff's federal claims are supported "by any coherent factual allegations."  [*Id.* at 13]

- Nowhere in the complaint does Plaintiff allege "any facts that could reasonably provide a sufficient basis for a racial discrimination claim." [*Id.* at 13]

- With respect to Plaintiff's claimed constitutional violations, Chapman failed to provide "any specific factual allegations 'sufficient to state a claim for relief that is plausible on its face.'" [*Id.* at 14-15].

- Amendment would be futile because Plaintiff "cannot make any factual allegations which would allow him to state a claim upon which relief may be granted." [*Id.* at 16].

Plaintiff's legal assertions were also fatally flawed.  The Court concluded that Judge Barcus was immune from suit based on absolute judicial immunity, sovereign immunity and qualified immunity.  The Court determined that the § 1983 claims against Baker and Gassaway were defective because merely being an attorney is not sufficient to establish that one has acted "under color of law":"[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Id.* at 12 (quoting *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983)). Furthermore, the Court found that merely because an attorney issued a subpoena in a state court proceeding does not convert the private attorney into a state actor. *Id.*  The Court also found that Chapman had made no factual allegation whatsoever that Damilao was a state actor. *Id.*  Accordingly, Chapman's § 1983 claims against Baker, Gassaway and Damilao were dismissed.

The Court then reviewed the remaining federal claims and found that they were not supported by "any coherent factual allegations." *Id.* at 13.  Interpreting Chapman's

Complaint as best it could, the Court held that Plaintiff had failed to state any claim against any of the Defendants. *Id.* at 15.  The Court also determined that granting leave to amend would be futile because Plaintiff "cannot make any factual allegation which would allow him to state a claim upon which relief may be granted."  [*Id.* at 16].  The Court then declined to exercise supplemental jurisdiction over the remaining state law claims.

### *Requirements for an Attorney Fee Award*

### *1.  Defendants Are Prevailing Parties.*

Clearly, Defendants Barcus, Baker, Gassaway and Damilao are the prevailing parties in this action.  Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim is an adjudication on the merits.  *Beye v. Horizon Blue Cross Blue Shield of New Jersey*, 568 F.Supp.2d 556, 561 (D.N.J. 2008).  *See Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977).  Here, there was a judicial determination in Defendants' favor on the merits.  *Easiley v. Norris*, 107 F.Supp.2d 1332, 1339 (N.D.Okla. 2000) (citing *Marquart v. Lodge 837 of the Int'l Ass'n of Machinists and Aerospace Workers*, 26 F.3d 842, 852 (8th Cir. 1994).  The Defendants are prevailing parties by virtue of the *Order and Opinion* [Dkt. # 25] on the Defendants' Motions to Dismiss [Dkt. Nos.5, 14, 18].

### *2.  Frivolousness Analysis*.

Since Defendants are prevailing parties, the next step in analyzing their claim for attorney fees under § 1988 is to determine whether Chapman's suit was "vexatious, frivolous, or brought to harass or embarrass the defendant."  *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2

(1983).  Defendants contend that Chapman's claims were frivolous and were filed only

out of retaliation and vengeance for the ruling in the Tulsa County action.  A lawsuit is

frivolous if it has "no reasonable basis, whether in fact or in law."  *Tarkowski v. Lake

County*, 775 F.2d 173, 176 (7th Cir. 1985).   In determining whether a lawsuit is frivolous

the Court must examine the underlying claims and "delve into, or address, the merits" of

the lawsuit.  *Crabtree v. Muchmore*, 904 F.2d 1475, 1477-78 (10th Cir. 1990).[2]

A Plaintiff's lawsuit is likely to be found frivolous if:

The case presented an obvious jurisdictional deficiency;
The Plaintiff failed to produce any evidence to support his claims;
The claims were clearly barred by unambiguous case law;
The meritless claims already had been raised and defeated in a prior state
court proceeding that clearly was entitled to preclusive effect.

Martin A. Schwartz & John E. Kirklin, *Section 1983 Litigation Statutory Attorney's Fees*

vol. 2, § 10.2 (3rd ed., Aspen L. & Bus. 1997) (hereafter, "Schwartz & Kirklin") (citations

omitted).

Chapman's claims are frivolous under the tests outlined above.  First, Plaintiff

produced no evidence in support of his claims.  Indeed, Chapman did not even make a

coherent factual allegation in support of his claims.  Second, Chapman's claims were

clearly defective under "unambiguous case law."  The case law is clear as to judicial

---

[2]      In *Crabtree* the Court noted that usually a court will be forced to make the
determination of frivolousness "on the basis of pleadings alone, with little other
guidance."  *Id.* at 1478, n.4.  The court "may be unable to tell whether a claim is simply
not sufficiently pleaded, therefore meriting dismissal, or additionally, not warranted in
fact or law, which might require sanctions as well." *Id.*  The Court further noted:

We do not mean to require the district courts in such situations to hold
evidentiary hearings to probe the background of the suit.  But if
background information is already available ... the court must consider
that in making its determination on a § 1988 fee award....

*Id.*

immunity, and the meaning of acting under "color of state law."  Chapman did not and could not articulate a colorable basis for asserting these claims against the Defendants.

I also note that when Chapman was afforded an opportunity to appear at a hearing on the fee request to explain his conduct to the Court, he failed to appear.  After reviewing the pleadings herein, hearing argument of counsel, I am persuaded that Chapman brought this lawsuit without any sufficient factual or legal basis.  I am further persuaded that Chapman initiated the action in retaliation for an outcome in a Tulsa County District Court child custody case with which he was displeased.

I am aware that an award of attorney fees to a prevailing Defendant against a *pro se* Plaintiff is unusual.  However, after careful review of the record herein, I conclude that this is indeed that unusual case and that the award of requested fees is warranted.  The amounts sought are reasonable and I RECOMMEND that Defendants Baker and Gassaway be awarded fees in the amount of $2,549.75 and that Defendant Damilao be awarded fees in the amount of $770.00.

### *Objections*

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned.  As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation.  A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to

object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED, this 27th day of March, 2009.

Paul J. Cleary
United States Magistrate Judge