## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RAYMOND G. CHAPMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 08-CV-0497-CVE-PJC** |
| | ) | |
| **MARK BARCUS, JODI JOHNSON** | ) | |
| **BAKER, KEVIN GASSAWAY, and** | ) | |
| **ROSEMARIE L. DAMILAO,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff[1] Raymond G. Chapman's Motion to Vacate and Request

for Formal Findings of Fact and Conclusions of Law (Dkt. # 39).  On March 27, 2009, Magistrate

Judge Paul J. Cleary entered his Report and Recommendation (Dkt. # 36) recommending that the

motions for attorney fees filed by defendants Jodi Johnson Baker, Kevin Gassaway, and Rosemarie

Damilao (Dkt. ## 27, 30) be granted.  No objection was filed to the Report and Recommendation

within the ten-day time limit of Fed. R. Civ. P. 72(b).  The Court independently reviewed the Report

and Recommendation and, on April 13, 2009, entered an Order accepting the Report and

Recommendation and granting defendants' motions for attorney fees (Dkt. # 37).  Plaintiff now

---

[1]     Plaintiff again purports to file this motion on behalf of his minor son, Kobi Kyler Chapman.
Plaintiff is not permitted to file motions on behalf of his son.  See Dkt. # 25, n. 3.

moves to vacate the Court's Order so that he can file an objection to the Report and Recommendation.[2] Defendants Baker, Gassaway, and Damilao oppose plaintiff's motion to vacate.[3]

As set forth in more detail in the Court's January 7, 2009 Opinion and Order, plaintiff filed a complaint purporting to allege various violations of his civil rights. The rambling, often incoherent, 43-page complaint contained few factual allegations against defendants. Rather, plaintiff alleged violations of numerous federal statutes, constitutional provisions, and Oklahoma statutes, including 18 U.S.C. §§ 241 and 242, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b and 2000b-2, and the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the United States Constitution. Plaintiff's state law claims included negligence, fraud, defamation, and violations of the Oklahoma Rules of Professional Conduct. The Court determined that Judge Barcus was entitled to absolute judicial immunity, sovereign immunity, and qualified immunity. With respect to the claims against the remaining defendants, the Court found that plaintiff failed to state any claim upon which relief could be granted.

Defendants Baker, Gassaway, and Damilao filed motions for attorney fees, and the magistrate judge recommended that the motions be granted. Plaintiff now moves this Court to vacate its Order accepting the Report and Recommendation and granting attorney fees. Plaintiff argues that he never received the Report and Recommendation and was out of state on vacation and

---

[2]     Plaintiff also requests formal findings of fact and conclusions of law. However, there is no requirement that a district court enter formal findings of fact and conclusions of law when ruling on a motion. Fed. R. Civ. P. 52(a)(3).

[3]     Plaintiff did not reply to defendants' responses to his motion; a timely reply was due on May 19, 2009.

unable to object.[4]  Although the time for objection has run, the Court will consider if any relief is warranted based on whether plaintiff raises any meritorious issues.

Plaintiff makes various vague and incoherent arguments in support of his motion to vacate. The only discernable argument with any relevance to the award of attorney fees is plaintiff's contention that his case was never deemed frivolous and, therefore, attorney fees are unwarranted. Attorney fees are available to a prevailing defendant in a civil rights action only if the suit was "vexatious, frivolous, or brought to harass or embarrass the defendant." Mitchell v. City of Moore, 218 F.3d 1190, 1203 (10th Cir. 2000).  A lawsuit is frivolous if it has "no reasonable basis, whether in fact or in law." Tarkowski v. Lake County, 775 F.2d 173, 176 (7th Cir. 1985).  While the undersigned never made an explicit finding that plaintiff's suit was frivolous, his complaint was dismissed in its entirety on the ground that there was no basis in fact or law for any of his claims. The magistrate judge made an explicit finding that plaintiff's claims were frivolous.  The undersigned then reviewed the magistrate judge's Report and Recommendation, and agreed with his assessment.  There is no requirement that the undersigned make any further determination that a plaintiff's claims are frivolous prior to the filing of a motion for attorney fees.  Plaintiff has not raised any meritorious issues and, therefore, there is no basis for relief.  Plaintiff's motion to vacate is denied.

---

[4]     The Court notes that plaintiff has had timely receipt of all other court filings to date. Further, plaintiff fails to provide the dates that he was out of town, and thus does not demonstrate that he was unable to file a timely objection.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion to Vacate and Request for Formal Findings of Fact and Conclusions of Law (Dkt. # 39) is **denied**.

**DATED** this 20th day of May, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT