UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND G. CHAPMAN, and on behalf of, and as next friend of his minor child, KOBI KYLER CHAPMAN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 08-CV-0497-CVE-PJC ) |
| MARK BARCUS, JODI JOHNSON BAKER, KEVIN GASSAWAY, and ROSEMARIE L. DAMILAO, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion for relief from judgment (Dkt. # 53). Plaintiff asks the Court for relief from its prior judgments dismissing the case (Dkt. # 26) and awarding attorney fees to certain defendants (Dkt. # 38). Plaintiff essentially argues that these judgments should be vacated because they are incorrect and unfair.[1] He argues that the Court never gave him an opportunity to present evidence, that the Court's dismissal of his claims against defendant Barcus based on judicial, sovereign, and qualified immunity was improper, and that the attorney fees hearing was held without adequate notice to him. Dkt. # 53.

**I.**

Plaintiff filed a complaint on August 29, 2008, alleging that defendants violated his civil rights through their involvement in a paternity suit. Dkt. # 1. Defendant Damilao is the mother of

---

[1] Defendants have not filed a response to plaintiff's motion for relief from judgment. However, no such response is necessary.

Kobi Kyler Chapman. Dkt. # 1, at 9. Either Chapman or Damilao initiated a paternity and/or custody suit in Oklahoma state court, which ended with Damilao being awarded temporary custody. Id. at 11. Plaintiff alleged that defendants Baker and Gassaway violated his constitutional rights in their legal representation of Damilao. Dkt. # 1, at 9-17. He also alleged that the judge, defendant Barcus, violated his constitutional rights. Id. at 25-26.

The defendants filed motions to dismiss (Dkt. ## 5, 14, 18). In an Opinion and Order dated January 7, 2009, (Dkt. # 25) the Court determined that defendant Barcus was entitled to absolute judicial immunity, sovereign immunity, and qualified immunity, and dismissed all claims against him. Dkt. # 25, at 7-10. The Court found that plaintiff had failed to state any federal law claims against the other defendants, and dismissed his federal claims and declined to exercise supplemental jurisdiction over his state law claims. Id. at 15. A judgment of dismissal in favor of defendants (Dkt. # 26) was entered on January 7, 2009. Defendants Baker, Gassaway and Damilao filed motions for attorney fees (Dkt. ## 27, 30). Plaintiff filed responses to these motions (Dkt. ## 32, 33). The Court adopted the Magistrate Judge's Report and Recommendation regarding fees (Dkt. # 36) and granted the defendants' motions on April 13, 2009. Dkt. # 37. Judgment awarding attorney fees to defendants and against plaintiff (Dkt. # 38) was entered on April 13, 2009. Plaintiff then filed a motion to vacate the Court's order accepting the report and recommendation and awarding attorney fees (Dkt. # 39). The Court denied this motion to vacate in an Opinion and Order dated May 20, 2009 (Dkt. # 42).

Plaintiff then appealed to the Tenth Circuit. Dkt. # 48. The Tenth Circuit determined it did not have jurisdiction over plaintiff's appeal from the January 7, 2009 judgment dismissing the case because plaintiff's notice of appeal was not timely filed. Dkt. # 50. However, the Tenth Circuit

determined that it did have jurisdiction over the Court's denial of plaintiff's motion to vacate. Id. The Tenth Circuit construed the motion to vacate as a Fed. R. Civ. P. 60(b) motion to vacate the January judgment of dismissal and determined it was a timely tolling motion as to the attorney fees judgment. Id. Plaintiff's appeal challenging the denial of the motion to vacate and the award of attorney fees is currently pending. Plaintiff now seeks relief in this Court under Fed. R. Civ. P. 60(b) from the January judgment of dismissal and the judgment awarding attorneys fees.

## II.

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (quotation omitted). A party may show "exceptional circumstances" if it can satisfy one or more of the grounds for relief set forth in Rule 60(b). Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) "is an extraordinary procedure which seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Jennings v. Rivers, 394 F.3d 850, 856 (10th Cir. 2005) (citations omitted) (emphasis in original).

Here, plaintiff cannot satisfy the stringent requirements of Rule 60(b).  As previously explained in the January opinion and order (Dkt. #25), defendant Barcus is entitled to judicial, sovereign, and qualified immunity.  Pursuant to Rule 60(b), a district court does not abuse its discretion by refusing to reconsider arguments that have already been considered and rejected.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (holding that a Rule 60(b) motion is an inappropriate vehicle to "revisit issues.").  Therefore, plaintiff's argument that defendant Barcus is not entitled to immunity, Dkt. # 53, at 4, need not be considered.  However, in an abundance of caution, the Court has reconsidered the immunity issues and again finds that defendant Barcus is entitled to immunity from all of plaintiff's claims in this case.  Plaintiff does offers no new evidence to support his claim that the attorney fee hearing was improper.[2]  Nevertheless, in an abundance of caution the Court also revisits this issue, and finds that plaintiff did receive proper notice of the attorney fee hearing, and that attorney fees were properly awarded to defendants in this case.[3]  Finally, plaintiff argues he was never allowed to present evidence "in

---

[2] Plaintiff now argues that he was not given notice of the attorney fee hearing.  The Court previously considered, and rejected, his argument that the award of attorney fees should be vacated because he was out of town on vacation and never knew about the hearing or received the Magistrate Judge's report and recommendation.  Dkt. # 42.

[3] Plaintiff also states that the attorney fee hearing in this case is "eerily similar to a circumstance that this court was involved in a prior non-related case involving the Plaintiff in this case v. Chase Manhattan Mortgage Corp. Where the court granted fees without the proper notice given to Chapman."  Dkt. # 53, at 4-5.  If plaintiff is referring to his suit against Chase Manhattan Mortgage Corporation, Case No. 04-cv-00859-CVE-FHM, the Court notes that attorney fees were not awarded in that case.  Chase Manhattan Mortgage Corporation was awarded costs, to which plaintiff objected.  In an opinion and order dated January 3, 2008 (Dkt. # 253), the Court rejected plaintiff's argument that the award of costs was improper because he did not have notice or an opportunity to respond.  If anything, the "eerie similarity" between this case and plaintiff's previous experience in this Court suggests that plaintiff would have known the proper process by which to object to an award of fees or costs.

4

order to prove his case." Id. at 2.  The Court finds that this case was properly resolved on the pleadings, and thus that plaintiff need not have been given an opportunity to present evidence.  Accordingly, because plaintiff fails to satisfy any of the "exceptional circumstances" set forth in Rule 60(b), plaintiff has not shown that extraordinary relief under Rule 60(b) is justified.

**IT IS THEREFORE ORDERED** that plaintiff's motion for relief from judgment (Dkt. # 53) is **denied**.

**DATED** this 30th day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT