IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND G. CHAPMAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MARK BARCUS, et al., )<br>)<br>    Defendants. ) | Case No. 08-CV-0497-CVE-PJC |

## REPORT AND RECOMMENDATION

This matter is before the Court for determination on the Motions for Attorney Fees of Defendants Jodi Johnson Baker and Kevin Gassaway [Dkt. No. 64] and of Defendant Rose Damilao [Dkt. No. 66]. Baker and Gassaway seek $4,567.75 and Damilao $1,260.00, as prevailing party Defendants in this action. Plaintiff Chapman has denied Defendants' entitlement to any fees, and contends that the hourly billing rates charged as well as the number of hours expended are unreasonable.[1]

---

[1] After Judgment was entered in Defendants' favor in January 2009, motions for attorney fees were referred to the undersigned. [Dkt. No. 31]. A hearing was held on March 24, 2009, which Chapman did not attend. Thereafter, a Report and Recommendation was entered recommending that Chapman pay attorney fees of $2,549.75 to Baker and Gassaway and $770.00 to Damilao [Dkt. No. 36]. Chapman did not object to this Report and Recommendation and it was adopted by the District Court on April 13, 2009. [Dkt. No. 37]. For reasons set out more fully in the Procedural History of this case, the dismissal and attorney fee award were vacated by the Tenth Circuit Court of Appeals and the matter remanded. Following a second Judgment of Dismissal in Defendants' favor, new motions for attorney fees were filed and referred to the undersigned. [Dkt. Nos. 65 & 67].

1

A hearing was held on Oct. 5, 2010, on the attorney fee motions. Chapman announced at that time that he had not received a copy of the motion filed by Baker and Gassaway. Accordingly, argument was heard on the common issue of entitlement to fees and hourly rates and time as sought by Damilao. Chapman was presented in open court with a copy of the attorney fee motion of Baker and Gassaway and given two weeks to respond to it in writing. The Court has now considered his Response[2] and Defendants' Reply.

Because of the peculiar procedural posture of this case, the Court first summarizes the history of the litigation before addressing the question of whether Defendants are entitled to fees under applicable federal law. The Court then addresses the amount of any fee award.

### *Procedural History*

This federal lawsuit arises out of disputed paternity and custody proceedings in Tulsa County District Court. Chapman filed this lawsuit on August 29, 2008, alleging conspiracy among a District Court judge, lawyers and the mother of a minor child to commit child abuse, malicious prosecution, class and gender discrimination, and various civil rights violations. [Dkt. No. 1]. Defendants filed Motions to Dismiss based, among other things, on insufficiency of service, failure to state a claim, judicial

---

[2]  Chapman filed a "Reply and Objection" [Dkt. No. 77] to the pending motions for attorney fees. This pleading is properly designated a Response and will be referred to as "Response" hereafter. *See* LCvR7.2.

immunity, and *Younger* abstention.[3]  On Jan. 7, 2009, the District Court granted the Defendants' Motions to Dismiss.  The Court dismissed all of Chapman's federal claims and declined to exercise supplemental jurisdiction over his state law claims.  Judgment was entered in Defendants' favor.  [Dkt. Nos. 25 & 26].

Thereafter, Defendants filed separate motions for attorney fees which were referred to the undersigned.  [Dkt. Nos. 27 & 30, 29 & 31].  A hearing was held on March 24, 2009; however, Chapman failed to appear.[4]  The Court concluded that Defendants were entitled to an award of attorney fees and recommended a total award of $2,549.75 to Defendants Baker and Gassaway and another $770.00 to Defendant Damilao.  [Dkt. No. 36].  Chapman did not object to the Report and Recommendation and it was adopted by Chief Judge Claire V. Eagan.[5]  [Dkt. No. 37]. Chapman's subsequent attempt to vacate the attorney fee award was rejected by the Court.  [Dkt. No. 42].  Chapman then appealed.

On April 13, 2010, the Tenth Circuit Court of Appeals reversed the granting of Defendants' motion to dismiss on the ground that *Younger* mandated that the trial court

---

[3] Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from exercising jurisdiction when: "(1) there is an ongoing state … civil … proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amanatullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (*quoting Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 1998)).

[4] Chapman has stated that he did not receive notice of the hearing.  Chapman is a *pro se* litigant and is not registered with the Court for electronic filing; nevertheless, Chapman has received other filings and notices.

[5] At the Oct. 5, Chapman stated that he had not received a copy of the Report and Recommendation and therefore was unable to timely object to it.

3

abstain from proceeding with the case. The Tenth Circuit held that "Insofar as Chapman's motion to vacate challenged the district court's merits ruling, we conclude that the district court was compelled to abstain from exercising its jurisdiction over Chapman's claims for injunctive or declaratory relief and those claims should have been dismissed without prejudice." [Dkt. No. 58 at 7]. Under the Court's holding, Chapman's federal damage claims should have been stayed until the state court paternity/custody proceedings were concluded. Therefore, since Defendants were not prevailing parties, the award of attorney fees was ordered vacated. [*Id.* at 7-8]. The case was remanded to the district court with instructions to stay Chapman's claims for damages, dismiss without prejudice his remaining claims, and vacate the award of attorney fees.

Upon receiving the mandate from the Tenth Circuit [Dkt. No. 59], the district court vacated the Judgment of dismissal and the attorney fee award, dismissed without prejudice all claims other than Chapman's claims for damages under federal law, and ordered the parties to file a status report on the state court proceedings by June 4, 2010. [Dkt. No. 60].

On June 2, 2010, Chapman filed his status report in which he noted that the state court proceedings had concluded on March 25, 2010. [Dkt. No. 61]. Chapman attached a copy of the docket sheet from the state court proceedings. The following day, noting that the state court proceedings were fully concluded and "[t]here is no basis for *Younger* abstention at this time," the Court reinstated that portion of its earlier Opinion and Order dismissing Chapman's claims for damages under federal law. [Dkt. No. 62]

4

Judgment was entered in accordance with this second Opinion and Order. [Dkt. No. 63]. Defendants refiled their motions for attorney fees [Dkt. Nos. 64 & 66] and the matters were again referred to the undersigned. [Dkt. Nos. 65 & 67].

## *Discussion*

### A. Defendants' Entitlement to Fees.

Relying on *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the undersigned previously recommended that Defendants be granted an award of fees as prevailing parties because Plaintiff's claims were "frivolous, unreasonable or groundless." [Dkt. No. 36 at 8-10]. I have reconsidered my previous analysis in light of developments in the case and after considering Chapman's arguments in opposition to the pending attorney fee motions. After reviewing this matter, I see no reason to change my previous recommendation as to entitlement to fees.

In his Response to Defendant Jodi Johnson Baker and Kevin Gassaway's Second Motion for Attorney Fees (herafter, "Response"), Chapman implies that attorney fees cannot be awarded under 42 U.S.C. § 1988 because he did not bring a civil rights action. *See* Response, Dkt. No. 77 at 2, 4, 6. Chapman states that he "wasn't suing under civil rights claims," *id.* at 6, and that his case was "not a civil rights action." *Id.* at 2. This contention is patently false and frivolous. Chapman's Complaint asserted claims for, among other things, "Class and Gender Discriminations, Intentional Deprivations of Civil Rights and Knowing Violation of Constitutional Rights." [Dkt. No. 1 at 1.]. In Paragraph 11 of the Complaint Chapman stated:

5

> This is a multi-grounded <u>civil rights action</u> to vindicate the Plaintiffs' rights secured under various federal law (sic), including but not limited to, 42 USC §1981, 42 USC §1983, 42 USC §1985, 42 USC §1986, 42 USC §2000b and 42 USC §200b-2, and various inalienable rights guaranteed under certain portions of, and several Amendments to, the United States Constitution.

[*Id.* at 5, ¶ 11] (emphasis added). Chapman's own Complaint belies his assertion that he never brought a civil rights action.

The Court previously found Chapman's claims herein to be frivolous and without legal or factual support. Nothing Chapman offered in his briefing or at the Oct. 5 hearing changes the Court's estimation of his lawsuit or his motivation for filing it. Indeed, if there is one constant in these proceedings it is that the claims asserted herein have been found lacking in merit by every judge or judicial panel that has reviewed them. The original Report and Recommendation as to fees found Chapman's claims defective under unambiguous case law and unsupported by coherent factual allegations or a colorable legal basis. [Dkt. No. 36 at 9-10]. In its Opinion and Order of dismissal, the district court noted that Chapman's "43-page complaint contains few, if any, factual allegations in support of plaintiff's claims," and further found the Complaint "rambling" and "often incoherent." [Dkt. No. 25 at 2 & 6]. Even the Tenth Circuit Court of Appeals noted the "evident lack of merit in Chapman's allegations." [Dkt. No. 58 at 4]. Chapman does not address these statements.

Chapman argues instead that since the Tenth Circuit vacated the previous attorney fee award, there is no basis to award fees now. Chapman offers no legal support for this argument. The Court's previous Order of dismissal was vacated on

appeal as premature under *Younger*. The basis for *Younger* abstention no longer exists and Judgment has once again been entered in favor of Defendants on the federal claims. After further review of this matter, consideration of Chapman's argument at the Oct. 5, 2010, hearing and further consideration of his brief submitted Oct. 18, 2010, the Court's conclusions set forth in the March 27, 2009, Report and Recommendation are adopted and reinstated as to the frivolous nature of Chapman's lawsuit and the Defendants' entitlement to an award of attorney fees under federal law. [Dkt. No. 36 at 6-10].

### B. Amount of Attorney Fee Award.

In their Applications for fees, Defendants have submitted their time records and supporting affidavits. Chapman has submitted no evidentiary material in support of his objections.[6] Initially, the Court feels it must address a misconception on Chapman's part. Chapman states in his Response that the Court called Defendants' counsel to the courtroom podium to make sure their responses to the Court's question were part of the record. Chapman believes this was a "practice of law from the bench" that denied him a fair hearing. Chapman misconstrues the events. The Magistrate Judge courtrooms rely on a digital recording system, not a court reporter, to preserve the record of proceedings. Frequently, the Court must advise a lawyer to come to the microphone at the podium or his/her remarks will not be picked up by the digital recording machine and, thus, will not be part of the record. Indeed, at the Oct. 5 hearing the Court on at

---

[6] At the Oct. 5 hearing, Chapman indicated he would call James Rinck as a witness to testify as to the unreasonableness of the fee claims. According to Chapman, Rinck's testimony was based on the fact that "he's had attorneys in the past." Ultimately, Chapman did not call Rinck or anyone else as a witness.

7

least two occasions advised <u>Chapman</u> to step to the podium so that his remarks would be part of the record. Contrary to Chapman's implication, the Court was entirely fair and even-handed in asking both sides to present their arguments so that a digital record could be made.

The Defendants claim fees for their original work on the motions to dismiss and subsequent work following remand from the Tenth Circuit. Both Defendant Damilao and Defendants Baker and Gassaway have confined their requests to fees related to the federal damage claims. Nor do they seek any fees for time spent on the Tenth Circuit appeal. The amounts claimed are slightly higher than what was previously awarded because of subsequent work after remand.

The hourly rates claimed range from $155 to $175 per hour. The lawyers involved have 15 to 35 years experience. Damilao's claimed fee amount is significantly less than that claimed by Baker and Gassaway because she adopted arguments made by her co-defendants.

The Court will now address Chapman's objection to these fees.

**(1) Hourly Rates.**

The hourly rates charged are clearly reasonable by the prevailing market standard. The rates sought range from $155 to $175. These are well below the Tulsa market rate for work of this sort. This Court has routinely approved hourly rates of $150 to $250, based on the prevailing market rates. *E.g.*, *Oklahoma Natural Gas Co. v. Apache Corp.*, 355 F.Supp.2d 1246, 1255-56 (N.D.Okla. 2004); *Henderson v. Horace Mann Ins. Co.*, 560 F.Supp.2d 1099, 1113-14 (N.D.Okla. 2008); *Hutchinson v. Hahn*, 2008 WL

1995406, *8 (N.D.Okla. May 6, 2008); *D.H. v. Ponca City Ind. School Dist. No. 71*, 2007 WL 2670105, *2 (N.D.Okla. Sept. 7, 2007).

Chapman challenges the fees as unreasonable chiefly on the ground that the hourly rates seem unreasonable to him. He has offered no evidence of any kind to support his contention that these rates are not a reasonable reflection of the local market for legal services. The supporting affidavits provide a clear basis for these rates and the Court's own familiarity with local hourly rates supports their reasonableness. Chapman also challenged any fees sought by Neil D. Van Dalsem, claiming that Van Dalsem never entered an appearance in the case. [Dkt. No. 68 at 9, 10, 12 & 15]. This statement is patently false. Van Dalsem entered an appearance on Sept. 18, 2008, by filing a Motion for Finding of Insufficiency of Process on behalf of Gassaway. [Dkt. No. 6]. He made a formal entry of appearance on Oct. 13, 2008 [Dkt. No. 17], and filed a Motion to Dismiss on behalf of Johnson and Gassaway the same day [Dkt. No. 18 & 19].

**(2) Hours Expended.**

Chapman contends the hours expended are unreasonable. First, he contends that since the Tenth Circuit ordered the earlier award of attorney fees vacated, Defendants may not claim fees for any time expended up to April 13, 2010 – the date of the appellate Court's ruling. Chapman states that because of the Tenth Circuit's ruling, Defendants' attorney fee request is "void *ab initio*" and cannot be the basis for a renewed fee request. Chapman offered no authority for this argument other than his belief that it was self-evident.

9

The Court disagrees with Chapman. The previous attorney fee award was vacated pursuant to the *Younger* abstention doctrine because the order of dismissal was premature since state court proceedings were still in progress. The attorney fee award was *not* rejected on the merits. Indeed, the appellate court stated: "The individual defendants are not prevailing parties <u>at this point</u>, and are therefore not entitled to attorneys' fees." [Dkt. No. 58 at 8 (emphasis added)]. The earlier fee award was vacated only because Defendants were not prevailing parties at that time. With subsequent developments, including the Status Report [Dkt. No. 61] that established that state proceedings had terminated on March 25, 2010, it became clear that there was no longer any basis for *Younger* abstention; accordingly, the Court reinstated that portion of its previous Opinion and Order dismissing Chapman's federal claims. Thus defendants clearly became prevailing parties on June 3, 2010 when Judgment was entered in their favor. [Dkt. No. 63]. Consequently, Defendants are entitled to an award of fees for the time expended defending this action and obtaining an order of dismissal with respect to the federal damage claims.

The Court has reviewed its previous order and the time records submitted by the claimants. At the Oct. 5 hearing, Chapman mounted a modest challenge to about one hour of the time claimed by Holly Ann Cinocca, attorney for Damilao. Cinocca explained these charges to the undersigned's satisfaction and I find no basis for reduction of her fee request.

Accordingly, I **RECOMMEND** that the motions for attorney fees be **GRANTED** and that Baker and Gassaway be awarded fees in the amount of $4,567.75 and Damilao be awarded $1,260.00.

## OBJECTIONS

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by Nov. 16, 2010. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED this 29th day of October 2010.

Paul J. Cleary
United States Magistrate Judge