UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND G. CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0497-CVE-PJC |
| | ) | |
| MARK BARCUS, JODI JOHNSON BAKER, KEVIN GASSAWAY, and ROSEMARIE L. DAMILAO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 29, 2010, Magistrate Judge Paul J. Cleary entered his Report and Recommendation (Dkt. # 82) recommending that the motions for attorney fees filed by defendants Jodi Johnson Baker, Kevin Gassaway, and Rosemarie L. Damilao (Dkt. ## 64, 66) be granted. The magistrate judge recommended that Baker and Gassaway be jointly awarded fees in the amount of $4,567.75, and that Damilao be awarded fees in the amount of $1,260.00. Chapman filed an objection (Dkt. # 83) to the Report and Recommendation within the ten-day time limit pursuant to Fed. R. Civ. P. 72(b), and a reply in support of his objection (Dkt. # 86).

**I.**

Plaintiff Raymond G. Chapman and Damilao are the parents of a son, Kobi Kyler Chapman. Dkt. # 1, at 9. Following a dispute over paternity and custody, either Chapman or Damilao initiated proceedings in the Oklahoma state court system to determine paternity and/or custody of their son. Id. Baker and Gassaway, both attorneys, represented Damilao in the custody proceedings. At the conclusion of the proceedings, Judge Mark Barcus awarded temporary custody to Damilao. Id. at 11.

Chapman then filed this lawsuit alleging conspiracy among defendants to commit child abuse, malicious prosecution, class and gender discrimination, and various civil rights violations. According to plaintiff, all defendants were "co-conspirators," and collectively responsible for the denial of his parental rights, as well as violations of his civil and constitutional rights. Id. at 15. Defendants filed motions to dismiss based on, among other things, insufficiency of service, failure to state a claim, judicial immunity, and the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). Dkt. ## 5, 14, 18. The Court dismissed all of Chapman's federal claims and declined to exercise supplemental jurisdiction over his state law claims. Dkt. # 25.

Baker and Gassaway, and Damilao filed separate motions for attorney fees (Dkt. ## 27, 30), which were referred to the magistrate judge. Dkt. # 31. Following a March 24, 2009 hearing on the issue at which Chapman failed to appear,[1] the magistrate judge concluded that defendants were entitled to an award of attorney fees and recommended a total award of $2,549.75 to Baker and Gassaway and $770.00 to Damilao. Dkt. # 36. Chapman did not object to the report and recommendation, and it was adopted by the Court. Dkt. # 37. Plaintiff's subsequent motion to vacate the attorney fee award was denied. Dkt. # 42.

On April 13, 2010, the Tenth Circuit Court of Appeals directed this Court to stay Chapman's claims for damages, to dismiss without prejudice his remaining claims, and to vacate the award of

---

[1] Chapman claims that he did not receive notice of this hearing. Dkt. # 83, at 2.

attorney fees.[2]  Dkt. # 58.  This Court did so and further ordered the parties to file a status report on the state court proceedings by June 4, 2010.  Dkt. # 60.  On June 2, 2010, Chapman filed a status report in which he noted that the state court proceedings had concluded on March 25, 2010.  Dkt. # 61.  The following day, noting that the state court proceedings were fully concluded and that there was no longer any basis for Younger abstention, the Court reinstated that portion of its previous opinion and order dismissing Chapman's claims for damages.  Dkt. # 62.  Judgment was entered in accordance with this opinion and order, Dkt. # 63, and defendants refiled their motions for attorney fees.  Dkt. ## 64, 66.  Chapman filed a response in opposition to the motion by Damilao.[3]  Dkt. # 68.

The motions for attorney fees were again referred to the magistrate judge.  Dkt. ## 65, 67.  A hearing on the motions was held October 5, 2010, at which Chapman was present.  On reconsideration of the motions, the magistrate judge again considered defendants' arguments that they were entitled to attorney fees because plaintiff's claims were "frivolous, unreasonable or groundless" under Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978).  Dkt. # 82, at 5.  The magistrate judge found that Chapman had not offered anything in his brief or at the hearing on the subject that dictated a change in the prior decision on the attorney fee issue.  Id. at 6.  Thus, the

---

[2]  The Tenth Circuit held that application of Younger mandated abstention from exercise of jurisdiction over Chapman's claims for injunctive or declaratory relief, and that those claims should therefore have been dismissed without prejudice.  Dkt. # 58, at 7.  It further held that Younger required a stay of proceedings on Chapman's damages claims until the state proceedings were final.  Id.  Because the Tenth Circuit found defendants were not yet prevailing parties, it vacated the award of attorney fees.  Id. at 7-8.

[3]  At the October 5, 2010 hearing, Chapman stated that he responded to Damilao's motion only, because he did not receive a copy of Baker and Gassaway's motion (Dkt. # 64).  Chapman was given a copy of that motion at the hearing, and later filed a response in opposition.  Dkt. # 77.

3

magistrate judge adopted and reinstated the conclusions set forth in his initial report and recommendation as to the frivolous nature of Chapman's lawsuit and defendants' entitlement to an award of attorney fees under federal law. Id. at 7.

The magistrate judge also considered the amount of the requested fee awards. Defendants confined their requests to fees related to the federal damages claims, and did not seek fees for time spent on the Tenth Circuit appeal. Id. at 8. The hourly rates claimed by defendants ranged from $155 to $175 per hour. Id. Chapman objected that the rates were unreasonable. However, the magistrate judge found that Chapman had presented no evidence in support of that argument, and that defendants' supporting affidavits provided a clear basis for the fees requested. Id. at 9. Chapman also argued that, because the Tenth Circuit had previously vacated the award of attorney fees, the renewed fee request was void. Id. Again, the magistrate judge found no authority in support of Chapman's argument and disagreed with his conclusion, as the previous attorney fee award was vacated pursuant to Younger, not rejected on the merits. Id. at 9-10. Thus, the magistrate judge found that, when defendants became prevailing parties upon entry of judgment in their favor, they became entitled to an award of fees. Id. at 10. Finally, after reviewing Chapman's challenges to hours expended by the attorneys, the magistrate judge found no basis for reduction of defendants' fee requests. Id. at 9-10. Therefore, the magistrate judge recommended that the motions for attorney fees be granted, and recommended $4,567.75 in fees for Baker and Gassaway and $1,260.00 for Damilao. Id. at 11.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), Chapman filed a timely objection to the magistrate judge's report and recommendation[4] and the Court must conduct a de novo review of the report and recommendation. Under 28 U.S.C. § 636(b)(1), the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See also Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations."). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

The magistrate judge concluded that Chapman's lawsuit was frivolous, and that defendants were entitled to attorney fees under 42 U.S.C. § 1988(b). Chapman objects to the award of attorney fees on several grounds: (1) he did not properly receive notice of the hearing on March 24, 2009 or of the first report and recommendation regarding attorney fees; (2) the magistrate judge was not impartial during the hearing on attorney fees; (3) his claims for relief were not the proper subject of an attorney fee award; (4) defendants' motions were barred by the Tenth Circuit's previous decision on attorney fees; (5) defendants' motions lacked evidentiary support; (6) the rates charged and the hours expended by the attorneys were not reasonable; and (7) the magistrate judge failed to

---

[4] The caption of Chapman's objection states that he is a plaintiff on behalf of his minor son, Kobi Kyler Chapman. The Court has previously determined that plaintiff is not permitted to file pleadings on behalf of his son. See Dkt. # 25, n.3.

address the merits of his objections. The Court has conducted a <u>de novo</u> review and finds as follows:

**A.**

Chapman first takes issue with the magistrate judge's statement that "a hearing was held on March 24, 2009, which Chapman did not attend." Dkt. # 83, at 2. He argues that he did not attend because he was never given notice of that hearing. He also complains that he did not timely receive the initial report and recommendation of the magistrate judge. <u>Id.</u> at 3. Chapman's arguments are both meritless[5] and irrelevant. Chapman was present at the October 5, 2010 hearing on the pending motions for attorney fees, and does not complain about a failure to receive the report and recommendation at issue. Thus, any hypothetical prior lack of notice by Chapman has no bearing on consideration of the current motions for attorney fees.

**B.**

Chapman also argues that the magistrate judge's conduct at the hearing on the motions for attorney fees was improper. Dkt. # 83, at 3. He says that the magistrate judge "clearly and obviously slanted the case in favor of the opposing side" and "practic[ed] law from the bench," and that Chapman was not permitted to raise objections. <u>Id.</u> More specifically, he argues that the magistrate judge asked defendants' counsel to return to the podium during the hearing to "get something into the record that [counsel] hadn't thought of;" Chapman characterizes this conduct as

---

[5] The Court has previously held that plaintiff did receive proper notice of the attorney fee hearing. Dkt. # 54, at 4 n.3. Chapman's objection focuses on comparing circumstances in this case to those in his "other case in this court against Chase Manhattan." Dkt. # 83, at 2. Chapman is presumably referring to <u>Chapman v. Chase Manhattan Mortgage Corp. et. al</u>, No. 04-CV-0859; however, that case is not relevant to issues now before the Court, nor were attorney fees awarded in that case.

"leading a witness" and "fraud on the court." Id. at 6. Although the incident about which Chapman complains was not clearly identified in his objection to the report and recommendation, his brief in opposition to Baker and Gassaway's motion for attorney fees clarifies that the incident involved the magistrate judge asking defendants' counsel to return to the podium to state their credentials. Dkt. # 77, at 13. Chapman characterized this clarification of credentials as aiding the opposing side, practicing law from the bench, and violating Chapman's right to a fair and impartial hearing. Id.

The magistrate judge clarified in his report and recommendation that the reason defendants' counsel were asked to use the podium was to ensure that their statements were recorded by the digital recording system used in place of a court reporter to preserve a record of the proceedings. Dkt. # 82, at 7. He further noted that lawyers are frequently asked to speak from the podium so that their remarks will be audible and made part of the record. Id. A review of the recording from the hearing reveals that Chapman also was asked to approach the microphone when his remarks were not properly recorded. The Court has reviewed the entire recording of the hearing and has found no inappropriate conduct by the magistrate judge; to the contrary, although the magistrate judge properly refused to allow interruptions by Chapman during argument by defendants' counsel, Chapman was given numerous opportunities to make arguments and to raise any objections that he had. The Court rejects Chapman's claim that the conduct of the magistrate judge at the October 5, 2010 hearing was biased or improper in any manner.

## C.

Chapman also argues that his claims were not the proper subject of an attorney fee award. Under a well-established principle of American jurisprudence, the prevailing litigant in a civil case is not ordinarily entitled to attorney fees from the losing party. Mountain West Mines, Inc. v.

Cleveland-Cliffs Iron Co., 470 F.3d 947, 953 (10th Cir. 2006); FTC v. Kuykendall, 466 F.3d 1149, 1152 (10th Cir. 2006). However, Congress has enacted a specific statute governing the award of attorney fees in civil rights actions. Roth v. Green, 466 F.3d 1179, 1994 (10th Cir. 2006). 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." The Supreme Court has recognized that one of the primary purposes of § 1988(b) was to encourage private citizens to bring civil lawsuits to enforce their constitutional rights, because the cost of pursuing a legal action would be prohibitive for many citizens. Newman v. Piggie Park Ent., Inc., 390 U.S. 400, 402 (1968).

When a defendant prevails in a case falling within § 1988(b), "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg, 434 U.S. at 422. The Christianburg standard applies to claims under § 1983. See Hughes v. Rowe, 449 U.S. 5, 14 (1980). The fact that a plaintiff eventually loses his case does not, without more, provide a justification for awarding attorney fees to the defendant. Id. Although a finding that plaintiff brought his claim in bad faith provides a stronger basis to award attorney fees under the statute, it is not a necessary element of such an award. Christianburg, 434 U.S. at 421-22. The Tenth Circuit has made clear that the Christianburg standard is "difficult . . . to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1203 (10th Cir. 2000). Moreover, "[a]ttorney fees are not available against a pro se litigant unless the action is meritless in the sense

that it is groundless or without foundation." Olsen v. Aebersold, 149 F. App'x 750, 753 (10th Cir. 2005)(unpublished)[6]. In deciding whether to award attorney fees against a pro se plaintiff, the court should "consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." Houston v. Norton, 215 F.3d 1172, 1175 (10th Cir. 2000).

Chapman filed a complaint purporting to allege various violations of his rights. As previously noted by the Court, the rambling, often incoherent, 43-page complaint contained few factual allegations against defendants. Dkt. # 25, at 2. Rather, plaintiff alleged violations of numerous federal statutes, constitutional provisions, and Oklahoma statutes, including 18 U.S.C. §§ 241 and 242; 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, 2000b and 2000b-2; and the First, Fourth, Fifth, Sixth, Eighth, Fourteenth, and Nineteenth Amendments to the United States Constitution. Plaintiff's state law claims included negligence, fraud, defamation, and violations of the Oklahoma Rules of Professional Conduct. The Court determined that Judge Barcus was entitled to absolute judicial immunity, sovereign immunity, and qualified immunity. With respect to the claims against the remaining defendants, the Court found that plaintiff failed to state any claim upon which relief could be granted. Dkt. # 42, at 2. As noted, the Court's decision was subsequently vacated by the Tenth Circuit, and all claims other than those for damages under federal law were dismissed without

---

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

prejudice. Dkt. # 60. Following the conclusion of the state court proceedings, plaintiff's remaining claims were dismissed for failure to state a claim upon which relief could be granted.[7] Dkt. # 62.

Chapman first argues that because his lawsuit was not based on violations of his civil rights, an award of fees under § 1988(b) is not proper. He agrees that his rights were violated, but argues that the violation did not form the basis for his suit; instead, he says his claims were based only on Judge Barcus acting outside his jurisdiction, Damilao committing a felony against Chapman, Baker and Gassaway aiding in the commission of that felony, and all defendants' failure to comply with their "duty and obligation to turn each other in." Dkt. # 83, at 5. However, any argument that Chapman's claims were not grounded in alleged civil rights violations is belied by his statement of the case in the complaint, which begins "[t]his is a multi-grounded civil rights action to vindicate the [p]laintiffs' rights secured under various federal law . . . ." Dkt. # 1, at 5. Chapman also titled his complaint as one for, among other claims, "Intentional Deprivations of Civil Rights and Knowing Violation of Constitutional Rights," and throughout the complaint he relied on § 1983 and other civil rights statutes as a basis for his suit. Thus, the record in this case clearly shows plaintiff's intent to bring a claim for violation of his civil rights, and his attempts to avoid § 1988(b) on that basis are futile.

---

[7] This final determination made defendants prevailing parties for purposes of § 1988(b). To be a prevailing party under that section, a party must "receive at least some relief on the merits of his claim." Hewitt v. Helms, 482 U.S. 755, 760 (1987). A dismissal for failure to state a claim is a decision on the merits. See Osborn v. Shillinger, 861 F.2d 612, 617 (10th Cir. 1988). Thus, Baker, Gassaway, and Damilao were prevailing parties following the order of June 3, 2010. See, e.g., Schmidt v. Cline, 127 F. Supp. 2d 1169, 1180 (D. Kan. 2000)(finding that the defendant was "unquestionably the 'prevailing party' . . . based upon the court's ruling that plaintiffs lack standing to pursue this case, that some of plaintiff's claims are moot, and that the complaint fails to state a claim under which relief may be granted").

Chapman further argues that the magistrate judge could not have made a determination that his claims were frivolous, unreasonable, or groundless.[8] Upon review of defendants' first set of motions for attorney fees, the magistrate judge recommended that they be granted, making an explicit finding that Chapman's claims were frivolous. Dkt. # 36, at 8-10. The Court agreed with his assessment and accepted the report and recommendation. Dkt. # 37. Although the Court did not make an explicit finding of frivolousness prior to the acceptance of the earlier report and recommendation,[9] such an express determination is not necessary prior to the filing of a motion for attorney fees. Dkt. # 42, at 3. The Tenth Circuit also noted "the evident lack of merit in Chapman's allegations" prior to remanding the case on the Younger abstention issue. Having been given a second opportunity to oppose an award of attorney fees, Chapman has still failed to produce any law or evidence to address these prior findings or to justify a departure from the Court's prior order. Plaintiff's claims were never supported by any factual allegations despite repeated challenges to the jurisdictional and factual basis for his claims, and he continued to litigate the claims long after their frivolous nature was well-established by multiple tribunals.

---

[8]   Chapman argues that the magistrate judge could not have made that determination because "the district court never addressed the issues of the case," "the judge never made that determination that the matter was frivolous, unreasonable or groundless," and "it's not up to the magistrate to determine the merits of the case and/or determine the case to be frivolous, unreasonable or groundless." Dkt. # 83, at 4. A factual determination that a suit is frivolous is certainly within the purview of the magistrate judge, either by order (for non-dispositive matters) or by report and recommendation (for dispositive matters). See Fed. R. Civ. P. 72. To the extent that Chapman bases his argument on a failure to consider the merits of his case, that issue is addressed below. The Court will therefore construe Chapman's objection to the finding of frivolousness as one based on the merits of that determination.

[9]   The Court has, however, consistently noted that plaintiff's claims lack merit, and even held that giving Chapman leave to amend his complaint would be futile given his lack of a factual basis to state a claim. Dkt. # 25, at 16.

11

Chapman requested in his brief opposing an award of attorney fees that the Court strictly construe the statutes authorizing attorney fees. Dkt. # 77, at 7. That narrow construction is mandated by Christianburg, and the Court will do so. However, even under that standard, Chapman's claims rise to a level of frivolousness that justifies an award of attorney fees. The claims he repeatedly asserted against defendants were devoid of any legal or factual basis. Indeed, the claims appear to be the result solely of Chapman's dissatisfaction with the state court proceedings and their outcome. Such groundless allegations are the type for which the Tenth Circuit has approved an award of attorney fees. See, e.g., Thorpe v. Ancell, 367 F. App'x 914, 923-24 (10th Cir. 2010)(unpublished)[10](upholding decision to award attorney fees based on frivolous nature of the lawsuit where there was no evidence supporting plaintiff's claims and the district court found the complaint to consist of "fantastic allegations"). The award of attorney fees in such a case "does not merely provide some compensation to the defendants for costs incurred in defending a suit but also deters a plaintiff from filing patently frivolous and groundless suits." Id. at 924. Despite having several opportunities, Chapman has not shown any factual basis for his claims, and has continued to pursue his claims long after their groundless nature could have and should have become clear. Thus, the Court finds no reason to depart from its earlier finding of frivolousness, and accepts the report and recommendation as to the entitlement to fees under the Christianburg standard.

**D.**

Chapman's remaining arguments may be rejected without extensive discussion. First, he argues that the Tenth Circuit opinion vacating the previous award of attorney fees acts as a bar to

---

[10] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

any award of fees. That is not the case. The Tenth Circuit vacated the previous fee award because its decision (that <u>Younger</u> dictated a stay of one of plaintiff's claims and dismissal without prejudice of the others) meant defendants were <u>not yet</u> prevailing parties. Dkt. # 58, at 7-8. Nothing in the opinion precluded an award of attorney fees to an ultimately prevailing party. Chapman also attempts to rely on a previous order mooting the earlier motions for attorney fees (Dkt. # 62). He argues that "there is nothing contained in [the] order which enables the opposing side to re-open the issue of attorney fees . . . and neither opposing counsel filed a motion to re-open this issue or provided a specific statute which enables them to do so," and that an award of fees is therefore barred. Dkt. # 77, at 9. Chapman's argument is unavailing. The order to which he refers reinstated the Court's decision on damages following the conclusion of the state court proceedings. Dkt. # 62. At that point, the earlier motions for attorney fees were moot because they were based on defendants' status as prevailing parties that was overruled by the Tenth Circuit. However, defendants became prevailing parties following entry of the order, and they therefore were entitled to file new motions for attorney fees. The decisions by the Tenth Circuit and this Court vacating the original award of attorney fees were not judgments on the merits, but rather necessary reflections of the procedural posture of the case. Thus, they have no impact on the right of defendants to file motions for attorney fees.

Chapman also argues that defendants' motions lacked evidentiary support. Although he acknowledges that they were accompanied by time records and affidavits on which the magistrate judge relied, he argues that those documents were "little or no evidence." Dkt. # 83, at 5. He says that defendants should have instead been required to present proof of liability insurance policies and contracts between the parties, witness testimony as to reasonableness of the fees, and evidence that

13

"money changed hands." Id.  However, the Tenth Circuit has determined that attorney time sheets are a primary source of evidence in allocating attorney fees.  E.g., Ramos v. Lamm, 713 F.2d 546, 553-54 (10th Cir. 1983)(overruled on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987)).  Moreover, a supporting affidavit is a required component of a motion for attorney fees under local rules.  See LCvR54.2.  Chapman's argument that additional evidentiary requirements should be imposed on attorneys seeking a fee award is unsubstantiated and unpersuasive.  Review of the supporting documentation attached to the motions shows that the requests were supported by appropriate evidence.

Chapman further argues that the rates charged and hours expended by the attorneys were not reasonable.  He does not provide any support for this claim, but instead appears to rely on two lines of argument: in his opposition to the motions for attorney fees, he made conclusory assertions that the time and amounts claimed were unnecessary, while in his opposition to the report and recommendation, he repeats his claim that there is insufficient evidence to support a finding of reasonableness about rates.  Dkt. ## 77, at 8-11; 83, at 7-8.  For reasons already stated, the evidence before the magistrate judge regarding attorney rates was sufficient. Moreover, the Court finds that the rates claimed – $140 to $175 an hour – were reasonable.  Defendants' affidavits establish that those amounts are in accordance with or below prevailing market rates.[11]  Dkt. ## 64-2, at 2; 66-2, at 2.  The lawyers involved had 15 to 35 years of experience, and hourly rates of up to $250 have

---

[11] Oklahoma Attorneys Mutual Insurance Company, a liability insurer for Baker and Gassaway, was responsible for the payment of their attorney fees. Dkt. # 64-2, at 1-2. Neil Van Dalsem, counsel for Baker and Gassaway, attested that the rates negotiated with the insurance company were below market rate or what would be charged to other clients. Id. Holly Cinocca, counsel for Damilao, stated that she also kept her rates low as a personal favor to Damilao, whom she had known for many years. Dkt. ## 66, at 3; 66-2, at 2.

14

been approved in the Northern District of Oklahoma based on prevailing market rates. See, e.g., Okla. Natural Gas Co. v. Apache Corp., 355 F. Supp. 2d 1226, 1249 (N.D. Okla. 2004). Defendants also limited, to the best of their ability,[12] their fee requests to time spent on the damages claims, and did not include fees for work performed in connection with Chapman's appeal. Dkt. ## 64, at 3; 66. Chapman has provided no evidence as to the unreasonableness of these rates apart from his own opinion that they are too high.[13] At the October 5, 2010 hearing, Chapman challenged a number of specific fee entries by Cinocca. He argued that many of her time entries were duplicative or did not involve matters at issue in the case. The colloquy between the magistrate judge and Chapman regarding his objections made clear that the items objected to were entries for time spent on this case, and that Chapman's objections stemmed from his disagreement that the time recorded was necessary.[14] Similarly, Chapman raised a number of specific objections to the fee entries by Van Dalsem.[15] Dkt. # 77. Chapman did not provide any proof as to either Cinocca or Van Dalsem that the fee entries were inappropriate, and a review of the time sheets reveals that the increments to

---

[12] Cinocca stated she was unable to segregate the time she spent on Chapman's state law claims from that spent on the federal damages claims. Dkt. # 66, at 3.

[13] Contrary to Chapman's argument, Dkt. # 83, at 7-8, the magistrate judge did not rely solely on the judge's own opinion in determining the rates were reasonable, but rather relied on the aforementioned time records and affidavits, as well as case law in this jurisdiction.

[14] Most of the entries to which Chapman objected were for an hourly increment of .1; at Cinocca's billing rate, this amounted to a charge of $17.50.

[15] Chapman's objections can be summarized as alleging that defendants' counsel duplicated work and therefore overcharged, and that a number of time sheet entries were vague and/or pertained to matters outside the case and should not therefore be grounds for an award of fees. Dkt. # 77, at 10-14. Because Chapman has not provided a factual basis for any of these claims and the record does not offer any support for them, it is unnecessary to consider each of his complaints individually.

which he objected were related to this case and quite conservative. Thus, Chapman has offered no meritorious objection to the fee entries by counsel in this case.

Finally, Chapman contends that the magistrate judge failed to address the merits of his objections. Specifically, Chapman says that the magistrate judge failed to consider the following: "fatal flaws" in the affidavit of Van Dalsem; the insufficiency of evidence presented by defendants; Chapman's argument that the "American Rule" regarding awards of attorney fees should apply; and the "merits of either the main thrust of Chapman's pleading . . . the merits of Chapman's written objections to fees[,] or Chapman's argument in court with regard to the fees."[16] Dkt. # 83, at 9. However, the Court finds that the magistrate judge did consider plaintiff's objections to the amount and type of evidence regarding attorney fees, including the affidavit and briefs filed by Van Dalsem, and that he properly found them ill-founded. Moreover, the Court agrees with the magistrate judge that this case falls within the exception to the "American Rule" for attorney fees created by § 1988(b). The magistrate judge also considered Chapman's various other objections to the award of attorney fees. Finally, Chapman's argument that the fee award was improper because the underlying merits of his claim were never addressed is baseless. This case was properly adjudicated on the

---

[16] Chapman also incorporated the arguments set out in his opposition to Baker and Gassaway's motion for attorney fees, which he alleged had not been addressed. These "fundamental questions" include: 1) "[d]oes a person, whether a judicial official or not still have immunity if he or she acts outside their jurisdiction?"; 2) "[i]s an attorney who corruptly conspires with a client to commit a felony, still immune from the law due to the work product 'doctrine'?"; 3) "[i]s a client, whether a mother or not, immune from the law if she commits a felony against the father, simply because the two are going through a child custody issue?"; 4) "[c]an an attorney, who undoubtedly knows that a felony has been committed by his client, still use that same felony crime to continue to further his client's case because of the work product doctrine?"; 5) "[d]o the parties have an ethical and legal duty to report each other to their governing bodies (i.e. the judicial accountability board[,] the bar association or the district attorney's office)?"; 6) "[i]s a felony crime a crime regardless, no matter who committed it and is it compensable?" Dkt. # 77, at 4-5.

16

pleadings, and plaintiff therefore need not have been given an opportunity to present evidence or to otherwise have his claims considered further.

Having conducted an independent review of the record, the Court finds that the magistrate judge correctly concluded that this was a frivolous lawsuit based in part on alleged violations of civil rights for which defendants were entitled to an award of attorney fees from plaintiff. Moreover, the Court finds that the amounts of fees were both reasonable and substantiated.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 82) is **accepted** as entered and the defendants' motions for attorney fees (Dkt. ## 64, 66) are **granted**.

**IT IS FURTHER ORDERED** that attorney fees are awarded in the amount of $4,567.75 to Baker and Gassaway and $1,260.00 to Damilao. A separate judgment will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's objection to the Report and Recommendation (Dkt. # 83) is hereby **denied**.

**DATED** this 15th day of December, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT